IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIELLE HAMILTON, | ) | CIVIL NO. 18-00501 JAO-WRP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| vs. | ) | FRCP RULE 12(b)(6) AND/OR 12(b)(1) |
| | ) | MOTION TO DISMISS |
| WILLIAM LEFKOWITZ; DENISE | ) | |
| LEFKOWITZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' FRCP RULE 12(b)(6) AND/OR 12(b)(1) MOTION TO DISMISS

This action arises out of Defendants William ("William") and Denise ("Denise") Lefkowitz's (collectively "Defendants") alleged defamation, threats, and verbal abuse of Plaintiff Danielle Hamilton ("Plaintiff") on Facebook and Our Family Wizard ("OFW"). Defendants move to dismiss this action because: (1) a Texas family court retained jurisdiction over the divorce decree between William and Plaintiff and (2) Plaintiff fails to state a claim upon which relief can be granted. For the reasons articulated below, the Court GRANTS IN PART AND DENIES IN PART Defendants' FRCP Rule 12(b)(6) and/or 12(b)(1) Motion to Dismiss. ECF No. 15.

BACKGROUND

Plaintiff commenced this action on December 26, 2018. Plaintiff alleges that Defendants engaged in a campaign of threats, insults, and maliciously published false and defamatory remarks against her in an attempt to force her to pay for her and William's children's airfare to Hawaiʻi. Compl. at ¶ 20. Plaintiff asserts the following claims: (1) defamation (Count I); (2) negligent and/or intentional infliction of emotional distress (Count II); and (3) injunctive relief (Count III). *Id.* at ¶¶ 25-35. In her prayer for relief, Plaintiff requests an order enjoining Defendants from further defaming, abusing, and harassing her; an award of general and special damages; and attorneys' fees and costs. *Id.* at 13.

LEGAL STANDARDS

A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction. *Id.* A factual attack contrastingly "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* District

courts may review evidence beyond the complaint in resolving a factual attack on

jurisdiction without converting a motion to dismiss into a motion for summary

judgment. *Id.* (citations omitted). In such instances, courts "need not presume the

truthfulness of the plaintiff's allegations." *Id.* (citation omitted); *Courthouse News*

*Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014) (alteration in original) ("A

factual challenge 'rel[ies] on affidavits or any other evidence properly before the

court' to contest the truth of the complaint's allegations."). "Once the moving

party has converted the motion to dismiss into a factual motion by presenting

affidavits or other evidence properly brought before the court, the party opposing

the motion must furnish affidavits or other evidence necessary to satisfy its burden

of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039 (citation

and quotations omitted).

B. Rule 12(b)(6)

FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6)

motion to dismiss, "'the court accepts the facts alleged in the complaint as true,'

and '[d]ismissal can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital*

*Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However,

conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *Id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original). If dismissal is ordered, the plaintiff should be granted leave to amend

unless it is clear that the claims could not be saved by amendment. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007).

DISCUSSION

Defendants seek dismissal of Counts I-III for lack of jurisdiction based on comity. The Court notes that the Ninth Circuit has not determined "whether abstention is properly raised under Rule 12(b)(6), Rule 12(b)(1), both, or neither." *Courthouse News*, 750 F.3d at 780 n.2.

Alternatively, Defendants argue that each count fails to state a claim upon which relief can be granted. The Court addresses each argument in turn.

A. Abstention

Defendants contend that the Court should decline to exercise jurisdiction because the claims in this action relate to the child custody provisions of Plaintiff and William's Divorce Decree, over which the Texas family court has retained jurisdiction. Mem. in Supp. of Mot. at 5. Defendants argue that Plaintiff's claims are a flagrant attempt to violate principles of comity and posit that the *Younger v. Harris*, 401 U.S. 37 (1971), requires the parties to resolve the current dispute in the Texas family court.

Abstention is not warranted merely because a state court proceeding involving the same subject matter is pending. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citation omitted). "Abstention from the exercise of federal

jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992). District courts should rarely invoke abstention "because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt*, 504 U.S. at 705 (quoting *Colorado River*, 424 U.S. at 817).

"*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint*, 571 U.S. at 72. The Supreme Court has also extended *Younger* to "particular state civil proceedings that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72-73 (internal citation omitted). When an action falls within the scope of a jurisdictional grant, a court should resolve it on the merits. *Id.* at 73. The "exceptional" circumstances fitting within *Younger* include "state criminal prosecutions," "civil enforcement proceedings," and "civil proceeding involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.*

A party seeking to invoke *Younger* in a civil proceeding must satisfy a three-part test. "[A]bstention is required so long as the state proceedings: (1) are ongoing; (2) implicate 'important state interests'; and (3) provide an adequate

6

opportunity to raise federal questions." *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)).  The Ninth Circuit has "articulated an implied fourth requirement that (4) the federal court action would 'enjoin the proceeding, or have the practical effect of doing so.'"  *Id.* (citations and internal quotations omitted).

This case clearly does not fall within the exceptional circumstances covered by *Younger*.  *Younger* requires a *pending* state court proceeding.  The divorce decree relied upon by Defendants issued on May 27, 2014, well before the commencement of this action.  And although the Texas family court reserved the right to enter orders to clarify and enforce the decree, the decree terminated those proceedings.  https://search.bexar.org/Case/CaseDetail?r=a93a246f-af9f-46d6-86f3-ddfd23fd29f7&st=l&l=Lefkowitz&fn=William&m=&=&full=y&p=2_2013CI19552%20%20%20%20DC0000100000 (last visited June 24, 2019) (May 27, 2014 P00017 entry stating "CASE CLOSED FINAL JUD AFTER NON JURY TRIAL").[1]  A case does not remain open and pending for the purpose of an abstention analysis merely because a court elects to retain jurisdiction over certain

---

[1]  Under Federal Rule of Evidence 201, a court may take judicial notice on its own of facts "not subject to reasonable dispute" that are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. (continued . . . .)

issues before it, and Defendants have not provided any authority demonstrating

otherwise. *Cf. In re Blixseth*, No. 09-60452-7, 2011 WL 3274042, at *9 (Bankr. D.

Mont. Aug. 1, 2011) (finding absence of "binding or persuasive authority stating a

state court's retention of jurisdiction would qualify as a pending, parallel state

court proceeding for the purposes of abstention under 28 U.S.C. § 1334(c)").

Accordingly, because there is no *pending* state court proceeding,[2] *Younger*

abstention is inapplicable.[3] *Ankenbrandt*, 504 U.S. at 705 (finding clearly

---

( . . . . continued)
R. Evid. 201(b)-(c)(1). A court "may take notice of proceedings in other courts,
both within and without the federal judicial system, if those proceedings have a
direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens
Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Bykov v. Rosen*, 703 F.
App'x 484, 487 (9th Cir. 2017) (holding that the district court did not abuse its
discretion by taking judicial notice of state court proceedings).

[2] Attached to the Opposition is an Order of Modification issued from the Circuit
Court of Coffee County, Alabama Enterprise Division. Opp'n, Ex. 8. Plaintiff
initiated proceedings in Alabama to register and modify the Texas divorce
judgment and the proceedings were before the court for *final judgment*. *Id.* ("This
cause comes before the Court for final judgment on the verified pleadings of the
plaintiff, Danielle Hamilton (Lefkowitz), seeking registration and modification of a
foreign divorce judgment issued by the State of Texas."). Thus, based on the
record currently before this Court, neither is the Alabama proceeding a *pending*
state court proceeding.

[3] In circumstances involving elements of domestic relationships, the abstention
principles in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), could be relevant, "even
when the parties do not seek divorce, alimony, or child custody." *Ankenbrandt*,
504 U.S. at 705. However, a case must present "difficult questions of state law
bearing on policy problems of substantial public import whose importance
transcends the result in the case then at bar." *Id.* at 705-06 (quoting *Colorado*
(continued . . . .)

erroneous the lower courts' application of *Younger* abstention absent pending state

tribunal proceedings, which ended prior to the commencement of the federal

lawsuit).

Defendants did not raise the domestic relations exception to diversity

jurisdiction,[4] but it would not divest this Court of jurisdiction.  The domestic

relations exception applies to "a narrow range of domestic issues." *Marshall v.*

*Marshall*, 547 U.S. 293, 307 (2006).  Only divorce, alimony, and child custody

decrees fall outside the Court's jurisdictional bounds because state tribunals have

special proficiency in handling these issues.  *Marshall*, 547 U.S. at 308 (citation

omitted); *Ankenbrandt*, 504 U.S. at 703.  Otherwise, "federal courts a[re] equally

equipped to deal with complaints alleging the commission of torts." *Marshall*, 547

U.S. at 308 (citation omitted).

As already discussed, the Texas family court issued the divorce decree.

The *tort* claims before this Court are not covered by the domestic relations

---

( . . . . continued)
*River*, 424 U.S. at 814) (quotations omitted).  Because the divorce decree has
already issued here, "the status of the domestic relationship has been determined as
a matter of state law." *Id.*  And, in any event, the divorce decree does not impact
Plaintiff's claims, so *Burford* is inapplicable.

[4] The Ninth Circuit has limited the application of the domestic relations exception
to diversity cases.  *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943,
947 (9th Cir. 2008) ("[W]e clarify today that the domestic relations exception
applies only to the diversity jurisdiction statute.").

exception.  Defendants insist that the claims in this action pertain to visitation and

payment of flights for the minor children, but the present claims have no bearing

on the visitation schedule or other visitation rights.  Plaintiff's claims are based on

the contents of communications and she seeks injunctive relief and monetary

damages.  Notably, even if the claims presented in this lawsuit were more

appropriately adjudicated in family court, Denise, who purportedly defamed

Plaintiff, was not a party to any of the pertinent family court proceedings, and

neither the Texas nor Alabama orders address Facebook postings.  Consequently,

any claims against Denise, as well as those concerning Facebook postings, would

necessarily have to be the subject of a separate action.  Thus, the domestic relations

exception does not apply, and diversity jurisdiction provides a basis for the Court

to adjudicate Plaintiff's claims.[5]

B.  Sufficiency of Plaintiff's Allegations

Defendants alternatively argue that Plaintiff's claims are deficiently pled.  At

the hearing, however, defense counsel presented arguments that speak to the merits

---

[5]  In their Reply, Defendants cite *Kakinami v. Kakinami*, 127 Hawaiʻi 126, 143, 276 P.3d 695, 712 (2012), for the proposition that trial courts retain jurisdiction to enforce their orders.  While this may be true, such cases do not remain *pending*, nor does Hawaiʻi caselaw govern this Court's jurisdiction.  As established above, this Court has jurisdiction to adjudicate the *tort* claims before it.  Defendants' characterization of these claims as arising from the divorce decree and falling exclusively within the province of the Texas family court is unavailing.

of the claims. Plaintiff's ability to *prove* her claims is not presently before the

Court. Because this is an FRCP 12(b)(6) motion, the Court limits its analysis to

the sufficiency of the allegations.

1.    Defamation – Count I

In the Complaint, Plaintiff alleges that Defendants posted defamatory

statements about her on Facebook and OFW, which are viewable to Plaintiff and

William's children, Denise's friends, and members of the public. Compl. at ¶ 2.

Within Count I, Plaintiff states that:

> 26.    Defendants have written statements that defamed
> Plaintiff. Defendants' statements were false and caused harm to
> Plaintiff's reputation.
>
> 27.    The actions by Defendants constitute willful and
> malicious defamation, by which Defendants have caused, and
> unless enjoined by this court, will continue to cause substantial
> and irreparable harm to Plaintiff.
>
> 28.    Defendants[] knew that the allegations made against
> Plaintiff were not true.
>
> 29.    As a direct, proximate, and foreseeable result of these
> malicious and false publications by Defendants, Plaintiff's
> reputation has been severely harmed. In addition, Plaintiff
> suffered and is likely to continue to suffer serious damage.

Compl. at ¶¶ 26-29.

Defendants contend that Plaintiff fails to state a claim because they only

posted statements to Plaintiff, not a third party, and because the statements were

11

opinions based on disclosed facts. Mem. in Supp. of Mot. at 7-9. Plaintiff argues

that she states a defamation claim because (1) the communications were made to

third parties including Plaintiff and William's children;[6] (2) the alleged statements

are defamatory and not mere interpretations of undisputed facts; (3) there is no

support for the allegations that Plaintiff sexually assaulted anyone or that she is

mentally unstable; (4) the Facebook statements lower Plaintiff's reputation among

the community and family and friends; and (5) any allegation that Plaintiff

committed sexual assault is libelous and slanderous per se. Opp'n at 3-4.

The Hawaiʻi Supreme Court requires the following four elements to sustain

a claim for defamation:

> (1) a false and defamatory statement concerning another;

---

[6] Plaintiff provided multiple exhibits with her Opposition to support this argument.
FRCP 12(d) confers district courts with "the discretion to accept and consider
extrinsic materials offered in connection with these motions, and to convert the
motion to one for summary judgment when a party has notice that the district court
may look beyond the pleadings." *Hamilton Materials, Inc. v. Dow Chem. Corp.*,
494 F.3d 1203, 1207 (9th Cir. 2007) (citation omitted); Fed. R. Civ. P. 12(d) ("If,
on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
presented to and not excluded by the court, the motion must be treated as one for
summary judgment under Rule 56. All parties must be given a reasonable
opportunity to present all the material that is pertinent to the motion."). The Court
declines to consider these exhibits because this case is still in its infancy and the
record should be better developed before summary judgment is considered. For
these reasons, the Court likewise declines to consider the exhibits attached to the
Motion for Preliminary Injunction that Defendants reference in the Memorandum
in Support of the Motion and Reply. The exhibits were not attached to the
Complaint. However, to the extent that content from those exhibits were included
in the Complaint, the Court has considered it. Compl. at ¶ 21.

(2) an unprivileged publication to a third party;

(3) fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figure]; and

(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Gonsalves v. Nissan Motor Corp. in Haw.*, 100 Hawai'i 149, 171, 58 P.3d 1196, 1218 (2002) (alteration in original) (citations omitted). Because reputation is the interest protected, "for tort liability to lie for either slander or libel the defamation must be communicated to some third party other than the person defamed." *Id.* (citation omitted).

The Court finds that Plaintiff sufficiently asserts a claim for defamation. She alleges that Defendants made false and defamatory statements about her; they published the statements to third parties; they did so willfully and maliciously; and that her reputation has suffered as a result. The Motion is therefore DENIED with respect to the defamation claim.

Defendants also advance a qualified privilege defense. The Court disregards this argument because Defendants raised it for the first time in their Reply. Local Rule 7.4 ("Any argument raised for the first time in the reply shall be disregarded.").

2. <u>Intentional and/or Negligent Infliction of Emotional Distress – Count II</u>

With respect to her consolidated intentional and/or negligent infliction of

emotional distress claim, Plaintiff alleges that Defendants' acts "were intentional, egregious, outrageous, and/or negligent and caused [her] severe and substantial emotional distress." Compl. at ¶ 31.

a. Intentional Infliction of Emotional Distress ("IIED")

An IIED claim consists of the following elements: "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." *Hac v. Univ. of Haw.*, 102 Hawai'i 92, 106-07, 73 P.3d 46, 60-61 (2003). "The terms 'unreasonable' and 'outrageous' have been used interchangeably and have been construed to mean 'without just cause or excuse and beyond all bounds of decency.'" *Lee v. Aiu*, 85 Hawai'i 19, 34 n.12, 936 P.2d 655, 670 n.12 (1997). The Restatement (Second) of Torts identifies the "outrageous" conduct rendering actionable an IIED claim:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

14

*Ross v. Stouffer Hotel Co. (Hawai'i) Ltd.*, 76 Hawai'i 454, 465 n.12, 879 P.2d

1037, 1048 n.12 (1994) (quoting Restatement (Second) of Torts § 46 comment d).

The Restatement defines severe emotional distress as "mental suffering,

mental anguish, mental or nervous shock [and] . . . includ[ing] all highly

unpleasant mental reactions, such as fright, horror, grief, shame, humiliation,

embarrassment, anger, chagrin, disappointment, worry and nausea." *Hac*, 102

Hawai'i at 106, 73 P.3d at 60 (alterations in original) (citation and quotations

omitted).

The Court finds that the Complaint sufficiently states an IIED claim.

Accordingly, the Motion is DENIED.

     b.  <u>Negligent Infliction of Emotional Distress ("NIED")</u>

"The elements of a claim for negligent infliction of emotional distress are:

(1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered

serious emotional distress; and (3) that such negligent conduct of the defendant

was a legal cause of the serious emotional distress." *Caraang v. PNC Mortg.*, 795

F. Supp. 2d 1098, 1122 (D. Haw. 2011) (citing *Tran v. State Farm Mut. Auto. Ins.

Co.*, 999 F. Supp. 1369, 1375 (D. Haw. 1998)). Under Hawai'i law, a cognizable

NIED claims also "requires physical injury to either a person or property." *Id.*

(quoting *Calleon v. Miyagi*, 76 Hawai'i 310, 320, 876 P.2d 1278 (1994));

*Kaho'ohanohano v. Dep't of Human Serv.*, 117 Hawai'i 262, 306-07, 178 P.3d

538, 582-83 (2008) (citing *Doe Parents No. 1 v. Dep't of Educ.*, 100 Hawai'i 34,

69, 58 P.3d 545, 580 (2002)) (holding that "the plaintiff must establish some

predicate injury either to property or to another person in order himself or herself

to recover for negligently inflicted emotional distress").

"[A]n NIED claim is nothing more than a negligence claim in which the

alleged actual injury is wholly psychic and is analyzed 'utilizing ordinary

negligence principles.'" *Doe Parents No. 1*, 100 Hawai'i at 69, 58 P.3d at 580

(citations omitted). The existence of a duty owed by the defendant to the plaintiff

is a prerequisite to any negligence action that "'require[s] the [defendant] to

conform to a certain standard of conduct for the protection of [the plaintiff] against

unreasonable risks.'" *Id.* at 71, 58 P.3d at 582 (alterations in original) (citations

and quotations omitted).

In contrast to the "severe emotional distress" requirement in IIED claims,

"serious mental distress" occurs "where a reasonable [person], normally

constituted, would be unable to adequately cope with the mental stress engendered

by the circumstances of the case." *Hac*, 102 Hawai'i at 106, 73 P.3d at 60

(alteration in original) (citation and quotation omitted).

Plaintiff fails to sufficiently allege the elements of an NIED claim. She does

not identify any conduct that breaches an independent duty owed by Defendants.

Moreover, while she alleges that Defendants caused her severe and substantial

emotional distress, she does not allege actual physical injury to herself or another.

The Court therefore DISMISSES the NIED claim. Because this claim could

potentially be saved by amendment, Plaintiff is granted leave to amend.

    3.  <u>Injunctive Relief – Count III</u>

Plaintiff alleges that Defendants' continued defamatory acts, verbal abuse

and harassment will cause her irreparable harm. Compl. at ¶ 34. As such, she

seeks an order enjoining Defendants from such conduct. *Id.* at ¶ 35.

It is well settled that "injunctive relief" is not a standalone cause of action.

*Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1132 (D. Haw. 2011) (citing

cases). Rather, "[i]njunctive relief may be available if Plaintiff[ is] entitled to such

a remedy on an independent cause of action." *Id.*

Insofar as Plaintiff cannot sustain a standalone claim for injunctive relief,

and amendment would be futile, dismissal without leave to amend is warranted. If

Plaintiff is entitled to injunctive relief in connection with the preceding claims, she

may pursue that remedy when appropriate.

CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS IN PART

AND DENIES IN PART Defendants' Motion as follows:

- The Court declines to abstain from adjudicating this matter.

- Plaintiff's NIED (Count II) claim is dismissed with leave to amend.

- Plaintiff's injunctive relief claim (Count III) is dismissed without leave to amend.

- Plaintiff's defamation (Count I) and IIED (Count II) claims are adequately pled.

Plaintiff must file a first amended complaint by **July 24, 2019**. The first amended complaint must correct the deficiencies identified in this Order. No additional parties or claims may be added without leave of court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 24, 2019.

Jill A. Otake
United States District Judge

Civil No. 18-00501 JAO-WRP; *Hamilton v. Lefkowitz*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' FRCP RULE 12(b)(6) AND/OR 12(b)(1) MOTION TO DISMISS

18