IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DANIELLE HAMILTON, | ) | CIVIL NO. 18-00501 JAO-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' |
| vs. | ) ) | MOTION TO DISMISS |
| WILLIAM LEFKOWITZ; DENISE LEFKOWITZ; and DOES 1 through 10, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This action concerns Defendants William ("William") and Denise ("Denise") Lefkowitz's (collectively "Defendants") alleged defamation, threats, and verbal abuse against Plaintiff Danielle Hamilton ("Plaintiff") on Facebook and Our Family Wizard ("OFW").[1]  Defendants move to dismiss part of the First Amended Complaint ("FAC"):  Plaintiff's defamation claim on the basis of qualified privilege and her negligent infliction of emotional distress ("NIED") claim for failure to state a claim.  For the reasons articulated below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss. ECF No. 38.

---

[1] OFW is a website used by divorced and separated parents to communicate and share information about their children.  ECF No. 33 ¶ 15.

BACKGROUND

I.  Factual History

As alleged in the FAC, Plaintiff and William are divorced and share four children. ECF No. 33 ¶ 9. They resided in Texas and obtained their divorce decree there. *Id.* ¶¶ 10-11. In 2015 Plaintiff moved to Alabama then William and Denise, William's current wife, moved to Hawaiʻi. *Id.* ¶ 13. Pursuant to the divorce decree, any parent moving out of Texas is solely responsible for 100% of the children's airfare and travel arrangements and costs to and from the other parent's residence. *Id.* ¶ 12.

Following their relocation, Plaintiff and William agreed that William's visits with the children would occur in San Antonio, Texas. *Id.* ¶ 14. Plaintiff agreed to bear the costs associated with transporting the children to San Antonio and William agreed to cover his transportation expenses to San Antonio. *Id.* Defendants changed their mind about the visitation venue in 2017 and insisted that Plaintiff pay for the children's airfare to Hawaiʻi. *Id.* ¶ 19. Plaintiff alleges that after she refused to do so, Defendants "wrongfully threatened [her] with incarceration, repeatedly used profanity and insults, and maliciously published false and defamatory remarks and statements about and against [her] in an attempt to disgrace, embarrass, intimidate, and force [her] to pay for the children's airfare

to the State of Hawaiʻi." *Id.* ¶ 20. In the FAC, Plaintiff lists multiple threatening and demeaning comments posted by Defendants on OFW.[2] *Id.* ¶ 21.

Plaintiff claims that Denise posted defamatory statements on Facebook, including allegations that Plaintiff is mentally ill and needs professional help and that Plaintiff was the subject of a Child Protective Services case for sexual assault. *Id.* ¶ 22.

II. Procedural History

Plaintiff commenced this action on December 26, 2018. On June 24, 2019, the Court issued an Order Granting in Part and Denying in Part Defendants' FRCP Rule 12(b)(6) and/or 12(b)(1) Motion to Dismiss ("Order"). ECF No. 31. The Court declined to abstain from adjudicating the case; it dismissed Plaintiff's NIED claim with leave to amend; it dismissed Plaintiff's injunctive relief claim without leave to amend; and it concluded that Plaintiff's defamation and IIED claims were sufficiently pled.

Plaintiff filed the FAC on July 24, 2019 asserting the following claims: (1) defamation (Count I); and (2) intentional and/or negligent infliction of emotional distress (Count II). ECF No. 33. In her prayer for relief, Plaintiff

---

[2] According to Plaintiff, Denise repeatedly notified her that she communicates on OFW using William's account. ECF No. 33 ¶ 18.

requests an award of general and special damages and attorneys' fees and costs. *Id.* at 11.

On September 27, 2019, Defendants filed the instant Motion. ECF No. 38.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6)[3] authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (alteration in original) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[3] In the Motion and Reply, Defendants cite FRCP 12(b)(1) as the legal basis for dismissal. But the memorandum in support of the Motion cites FRCP 12(b)(6), the applicable standard for failure to state a claim.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original). If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

## DISCUSSION

Defendants argue that Plaintiff's defamation claim fails to state a claim based on qualified privilege. Defendants also seek dismissal of the NIED claim for failure to state a claim.

I.   Count I – Defamation

The Court already determined that Plaintiff stated a defamation claim.[4]  She asserts nearly identical allegations in the FAC:

> 26.   Defendants have made written and oral false statements of fact to third parties that defamed Plaintiff.  Defendants' false statements were intentional or made with reckless disregard of their truth or falsity and caused harm to Plaintiff's reputation.
>
> 27.   The actions by Defendants constitute willful and malicious defamation, by which Defendants have caused, and will continue to cause substantial and irreparable harm to Plaintiff.
>
> 28.   Defendants[] knew that the statements and allegations made about and against Plaintiff were not true.

---

[4]  The Hawaiʻi Supreme Court requires the following four elements to sustain a claim for defamation:

> (1) a false and defamatory statement concerning another;
>
> (2) an unprivileged publication to a third party;
>
> (3) fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figure]; and
>
> (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Gonsalves v. Nissan Motor Corp. in Haw.*, 100 Hawaiʻi 149, 171, 58 P.3d 1196, 1218 (2002) (alteration in original) (citation omitted).  Because reputation is the interest protected, "for tort liability to lie for either slander or libel the defamation must be communicated to some third party other than the person defamed." *Id.* (citation omitted).

> 29. As a direct, proximate, and foreseeable result of these malicious and false publications by Defendants, Plaintiff's reputation has been severely harmed. In addition, Plaintiff suffered and is likely to continue to suffer serious mental and physical injuries and damages.

ECF No. 33 ¶¶ 26-29.

### A. Qualified Privilege

Defendants contend that qualified privilege requires dismissal of this claim. A qualified privilege "arises when the author of the defamatory statement reasonably acts in the discharge of some public or private duty, legal, moral, or social, and where the publication concerns subject matter in which the author has an interest and the recipients of the publication a corresponding interest or duty."[5] *Aku v. Lewis*, 52 Haw. 366, 371, 477 P.2d 162, 166 (1970) (citations omitted). Essential to the privilege is the recipient's interest or duty. *See id.* There is no privilege if the recipient has "no recognized interest in the statement." *Id.* (citations omitted).

Qualified privilege is an affirmative defense. *See Spencer v. Permanente Med. Grp., Inc.*, Case No. 15-cv-00455-VC, 2015 WL 2374357, at *1 (N.D. Cal. May 5, 2015); *Kainz v. Lussier*, 4 Haw. App. 400, 402, 667 P.2d 797, 800 (1983) (noting that the defendant raised qualified privilege as an affirmative defense).

---

[5] "[W]hether the defamatory communication was privileged is an issue of law to be determined by the court." *Calleon v. Miyagi*, 76 Hawaiʻi 310, 319, 876 P.2d 1278, 1287 (1994) (alterations and citation omitted).

Affirmative defenses may not ordinarily be raised by a motion to dismiss, unless there are no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (citations omitted); *Spencer*, 2015 WL 2374357, at *1 (holding that qualified privilege is not a basis for dismissal at the pleading stage); *cf. Vineyard v. Soto*, No. 10-CV-1481-SI, 2011 WL 5358659, at *6 (D. Or. Nov. 7, 2011) ("[Q]ualified privilege does not generally preclude a claim for malicious prosecution or IIED at the pleading stage.").

Dismissal on qualified privilege grounds is inappropriate at this stage because Plaintiff should have an opportunity to overcome the privilege by presenting evidence of Defendants' improper motive. *See Elizabeth Retail Props. LLC v. KeyBank Nat'l Ass'n*, 83 F. Supp. 3d 972, 996 (D. Or. 2015). In this case, qualified privilege necessarily involves an evaluation of disputed facts and is therefore improperly considered in the FRCP 12(b)(6) context. Determinations about Defendants' motives should be resolved at summary judgment or trial.[6] *See id.* Accordingly, the Motion is DENIED as to Defendants' request for dismissal of the defamation claim based on qualified privilege.

II. <u>Count II – Intentional and/or Negligent Infliction of Emotional Distress</u>

Defendants seek dismissal of Plaintiffs' NIED claim. Plaintiff again

---

[6] The cases relied upon by Defendants evaluated qualified privilege at the summary judgment phase. *See* Mem. in Supp. of Mot., ECF No. 38-2 at 3-4.

consolidates her emotional distress claim. The Court previously determined that Plaintiff adequately stated an IIED claim but dismissed the NIED claim with leave to amend.

Plaintiff continues to allege that Defendants' acts "were intentional, egregious, outrageous, and/or negligent and caused [her] severe and substantial emotional distress." ECF No. 33 ¶ 31. At issue here is the sufficiency of the NIED claim, the elements of which are: "(1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress." *Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011) (citation omitted).

The Hawai'i Supreme Court has held:

> a plaintiff may recover for [NIED], absent any physical manifestation of his or her psychological injury or actual physical presence within a zone of danger, where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case. . . . Thus, an NIED claim is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles.

*Kahoʻohanohano v. Depʻt of Human Serv.*, 117 Hawaiʻi 262, 306, 178 P.3d 538, 582 (2008) (alteration in original) (citation omitted). Any negligence action that "'require[s] the [defendant] to conform to a certain standard of conduct for the protection of [the plaintiff] against unreasonable risks'" also requires a showing

9

that the defendant owed a duty of care. *Doe Parents No. 1 v. Dep't of Educ.*, 100 Hawai'i 34, 71, 58 P.3d 545, 582 (2002) (alterations in original) (citations omitted).

A plaintiff must also establish "some predicate injury either to property or to another person in order himself or herself to recover for [NIED]." *Kaho'ohanohano*, 117 Hawai'i at 307, 178 P.3d at 583 (alteration in original) (citation omitted); *Doe Parents No. 1*, 100 Hawai'i at 69-70, 58 P.3d at 580-81 (explaining that to meet his or her burden of proving actual injury, a plaintiff alleging NIED "must establish, incident to his or her burden of proving actual injury (*i.e.*, the fourth element of a generic negligence claim), that *someone* was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else" (citations omitted)).

As before, Plaintiff fails to sufficiently state an NIED claim. She does not identify the duty owed by Defendants, nor how the duty was breached. She merely alleges that Defendants' breached a duty of care. FAC, ECF No. 33 ¶ 34. In the Opposition, Plaintiff argues that the FAC alleges facts demonstrating a special relationship between the parties that gives rise to a duty of care: Plaintiff and William were married and share four children, Denise is William's new spouse, and the parties communicate through OFW. However, Plaintiff does not tie these facts to a duty in the FAC so they cannot be considered when evaluating a motion

to dismiss. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (quoting *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998))). The Opposition cannot cure the deficiencies identified above even though they arguably pertain to the NIED claim.[7]

Because it is possible that the NIED claim could be saved by further amendment, the Court DISMISSES it with leave to amend. This is Plaintiff's final opportunity to amend this claim and cure the deficiencies identified by the Court.

III. Sanctions

Plaintiff requests sanctions against Defendants on the following grounds: (1) Defendants did not advise the Court during the July 31, 2019 Rule 16 Scheduling Conference that they intended to file a second motion to dismiss; (2) the Motion was filed after the expiration of a second extension for Defendants to file an answer; (3) Defendants did not comply with Local Rule 7.8's pre-filing conference requirement; (4) Defendants raised arguments that could have been

---

[7] Instead, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam*, 320 F.3d at 1026 n.2 (citation omitted).

11

presented in the prior motion to dismiss; and (5) Defendants failed to cite authority to support dismissal for lack of subject matter jurisdiction. *See* Opp'n to Mot., ECF No. 43 at 2-3.

Defendants counter that they attempted to meet and confer with Plaintiff's counsel but did not receive a response. Defendants claim that they attempted to secure an extension of time to answer or otherwise plead because the parties agreed to mediate this case, but they were forced to file this Motion in lieu of an answer. Defendants also clarify that they do not seek dismissal for lack of subject matter jurisdiction; they merely pointed out that they are currently residents of Florida, not Hawai'i.

Based on the record before it, the Court declines to award sanctions. First, at the time of the scheduling conference, Plaintiff had recently filed the FAC, so it is possible that Defendants had yet to contemplate filing another motion to dismiss. Second, defense counsel claims that he attempted to meet and confer with Plaintiff's counsel prior to the expiration of the deadline to answer or otherwise plead. Although Defendants should not have filed this Motion after the expiration of a second extension, the Court notes that the deadline to file dispositive motions does not expire until March 4, 2020. ECF No. 36. Third, if Plaintiff's counsel did not respond to defense counsel's requests to meet and confer, Plaintiff cannot

accuse Defendants of failing to comply with Local Rule 7.8.[8] Fourth, Defendants previously raised the arguments presented in the Motion. The Court declined to consider qualified privilege because it was raised for the first time in the reply and Defendants challenged Plaintiff's NIED claim. Indeed, the NIED claim was dismissed with leave to amend. This Motion contends that the NIED claim is still insufficiently pled in the FAC, and the Court agrees. Finally, because Defendants are not seeking dismissal for lack of subject matter jurisdiction, the fact that they did not cite authority is not sanctionable.[9]

For these reasons, the Court DENIES Plaintiff's request for sanctions.

//

//

//

//

//

//

//

---

[8] Defendants should have explained counsel's efforts to comply with Local Rule 7.8 in the Motion.

[9] In any event, parties are not generally sanctioned for merely failing to cite relevant authority.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendants' Motion. The Court DENIES the Motion to the extent Defendants request dismissal of the defamation claim (Count I) on qualified privilege grounds. Plaintiff's NIED (Count II) claim is dismissed with leave to amend.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 23, 2019.

Jill A. Otake
United States District Judge

Civil No. 18-00501 JAO-WRP; *Hamilton v. Lefkowitz*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

14