ALETHEA K. REBMAN  (HI Bar No. 8083)
MITSUYAMA & REBMAN
A Limited Liability Law Company
Mauka Tower, Suite 1450
737 Bishop Street
Honolulu, HI 96813
Telephone: (808) 545-7035
Facsimile: (808) 369-8349
Email: alethea@mitsuyamaandrebman.com

Attorney for Plaintiff
DANIELLE HAMILTON

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DANIELLE HAMILTON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM LEFKOWITZ; DENISE LEFKOWITZ; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 18-cv-501-JAO-WRP<br><br>PLAINTIFF'S RESPONSE TO EXPEDITED ORDER DATED FEBRUARY 28, 2020; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE<br><br>Trial:<br>Date: August 3, 2020<br>Time: 9:30 a.m.<br>Judge: The Honorable Jill A. Otake |

PLAINTIFF'S RESPONSE TO EXPEDITED
ORDER DATED FEBRUARY 28, 2020

　　Comes now Plaintiff Danielle Hamilton, by and through her attorneys,

Mitsuyama and Rebman, LLLC, and hereby submits the following Declaration of

Counsel in response to the Expedited Order filed by the Court on February 28, 2020.

Dated: Honolulu, Hawaii, March 3, 2020.    MITSUYAMA & REBMAN
A Limited Liability Law Company

By: /s/ Alethea K. Rebman

_____
ALETHEA K. REBMAN
Attorney for Plaintiff
DANIELLE HAMILTON

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DANIELLE HAMILTON,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM LEFKOWITZ; DENISE LEFKOWITZ; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 18-cv-501-JAO-WRP<br><br>DECLARATION OF COUNSEL |

DECLARATION OF COUNSEL

I, ALETHEA K. REBMAN, declare as follows:

1.     I am an attorney with Mitsuyama & Rebman, LLLC, licensed to practice before the United States District Court, District of Hawaii, and represent Plaintiff Danielle Hamilton in that above-entitled matter.

2.     This declaration is made upon personal knowledge, and if called upon, I am competent to testify to the facts set forth herein.

3.     Respectfully, another extension of time for Defendants "to answer or otherwise plead" would not likely dispense of a third motion to dismiss the cause of action for negligent infliction of emotional distress, as indicated by the filing of the present motion.

4. Mediation will be more effective if the mediator knows what causes of action will be available to Plaintiff. This matter has been pending for over a year and there is still no answer on file by Defendants, notwithstanding the Court's orders sustaining the causes of action for defamation and intentional infliction of emotional distress.

5. Plaintiff's Complaint for Injunctive Relief and Damages and Motion for Preliminary Injunction was filed herein on December 26, 2018.

6. The Court set the hearing on the Motion for Preliminary Injunction for April 26, 2019.

7. On April 2, 2019, Defendants filed their first motion to dismiss the Complaint.

8. On April 8, 2019, after the passing of Plaintiff's attorney of record, the Court vacated the hearing on the Motion for Preliminary Injunction and terminated the Motion pending the appearance of new counsel for Plaintiff.

9. Mitsuyama and Rebman, LLLC, filed a Notice of Appearance as Counsel for Plaintiff on May 1, 2019.

10. The hearing on Defendants' Motion to Dismiss the Complaint was held on June 21, 2019, and the Court issued its Order thereon on June 24, 2019, granting in part and denying in part the Motion, with leave to amend.

11. Plaintiff filed a First Amended Complaint ("FAC") on July 24, 2019, which was personally served on counsel for Defendants.

12. During the July 31, 2019, Scheduling Conference, there was no mention by Defendants of a second motion to dismiss, and the Court set the matter for trial in August of 2020.

13. On or about August 14, 2019, I agreed to give Defendants a two-week extension of time to file a response to the FAC as Defendants' counsel and I had initiated discussions about meditation.

14. On August 14, 2019, I emailed Defendants' counsel and suggested a mediator and offered to consider any others and get the process going before the parties started incurring discovery costs.

15. On September 9, 2019, I agreed to another two-week extension of time within which Defendants would "answer or otherwise plead to the FAC."

16. On September 26, 2019, Defendants' counsel sent me an email stating that his clients agree to mediation and that he would like to discuss staying some of the litigation deadlines while the parties mediate this matter.

17. Despite the indications that Defendants were planning to participate in mediation, and without a further request for another extension of time to respond to the FAC or providing any reason stating why filing an Answer would be less costly or time-consuming than another motion to dismiss, Defendants filed a second

motion to dismiss on October 15, 2019.  The Court set the motion for hearing on December 20, 2019.

18.   While considering a FRCP Rule 55 request for entry of default on the cause of action for intentional infliction of emotional distress which the Court found was sufficiently pleaded in its June 24, 2019, order, my colleague asked defendants' counsel if he was planning to file an answer to said cause of action and he indicated that he would file a single answer when all challenges to the remainder of the complaint had been ruled upon.

19.   In a continuing effort to curb litigation costs, and especially under the circumstances of another pending motion to dismiss, we proposed a stipulation and order to extend some of the Rule 16 Scheduling Conference Order dates

20.   The motion was ultimately decided without a hearing after written briefing by the parties and the Court issued its Order on December 22, 2019, denying in part and granting in part with final leave to amend the cause of action for negligent infliction of emotional distress.

21.   Plaintiff filed her Second Amended Complaint ("SAC") on January 22, 2020.

22.   On January 23, 2020, counsel for Defendants agreed to the selection of one of two proposed mediators and mentioned postponing depositions until the parties could speak about mediation and logistics.

23. On February 1, 2020, counsel for Defendants requested "an open extension to answer or otherwise plead re the amended complaint until we complete mediation?" This was the same question that was posed seeking extensions in August and September of 2019. It seemed that the "otherwise plead" language was to ensure that Defendants could continue to attack the complaint in the event that mediation did not resolve the matter. I indicated to defendants' counsel that the "otherwise plead" language was of concern in leading to another motion to dismiss and he did not respond.

24. The Settlement Conference in this case is set for May 14, 2020. If the Answer deadline were to be continued past mediation, we would have a Settlement Conference without an Answer being filed and with the possibility that Defendants might file another motion to dismiss. This was another concern as we evaluated that request for an extension.

25. On February 14, 2020, our office contacted DPR, Inc., to initiate a conflict check and the retention process necessary for the parties to schedule mediation with Kale Feldman, the mediator we had proposed to Defendants after the first court hearing and to whom they later agreed.

26. Plaintiff agreed to proceed with early mediation based on the causes of action of the FAC which was filed on July 24, 2019. It is now March of 2020 and there is no answer on file to any of the causes of action that survived the earlier

motions to dismiss, including the claims for defamation and intentional infliction of emotional distress. Plaintiff is concerned about mediation without a response to the complaint especially given the out of pocket costs to Plaintiff who lives in Alabama and who would have to incur the costs of traveling and mediation.

27. It has never been made clear to us why filing another motion to dismiss might be less costly for Defendants, or less time-consuming, or would be more conducive to settlement than simply answering, or why filing an Answer would be harmful to settlement or should otherwise be postponed until after mediation.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF. Dated: Honolulu, Hawaii, March 3, 2020.

By: /s/ Alethea K. Rebman
_____
ALETHEA K. REBMAN

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DANIELLE HAMILTON,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILLIAM LEFKOWITZ; DENISE LEFKOWITZ; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 18-cv-501-JAO-WRP<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was duly served upon the below-identified party at his respective address by means of CM/ECF on March 3, 2020, as follows:

Shawn A. Luiz, Esq.
841 Bishop Street, Suite 200
Honolulu, HI  96813
Email: attorneyluiz@gmail.com

Attorney for Defendants
WILLIAM LEFKOWITZ
DENISE LEFKOWITZ
/
/
/
/
/
/
/

Dated: March 3, 2020.	MITSUYAMA & REBMAN
A Limited Liability Law Company

By: /s/ Alethea K. Rebman

_____
ALETHEA K. REBMAN
Attorney for Plaintiff
DANIELLE HAMILTON